IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

APRIL N. MEDINA,

       Plaintiff,

v.                                                                                                                    CV 17-1069 JHR

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

       Defendant.

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff April N. Medina's Motion to Reverse and Remand Agency Decision for Payment of Benefits or in the Alternative, for a Rehearing, [Doc. 17], filed April 9, 2018. Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b), the parties have consented to the undersigned Magistrate Judge to conduct dispositive proceedings in this matter, including the entry of final judgment. [Docs. 3, 7, 8]. Having studied the parties' positions, the relevant law, and the relevant portions of the Administrative Record ("*AR*"),[1] the Court grants Ms. Medina's Motion and remands this case for further administrative analysis, for the reasons set forth below.

**I)**       **INTRODUCTION**

This Court's role in a Social Security appeal is specific and narrow. Ordinarily, the Commissioner's decision must be affirmed where the correct legal standards are applied and the decision is supported by substantial evidence. These standards are deferential; the Court is not permitted to reweigh the evidence or substitute its judgment for that of the Commissioner.

---

[1] Documents 12 and 12-1 comprise the sealed Administrative Record. The Court cites to the Record's internal pagination, rather than CM/ECF document and page number.

However, the reviewing Court must be able to follow the adjudicator's reasoning, especially where a claim is denied at Step Five of the sequential evaluation process. This is because the burden is on the Commissioner at Step Five to prove that the claimant can still perform work that exists in the national economy.

In this case, the Commissioner found that Ms. Medina retains the residual functional capacity ("RFC") to work at Step Five. However, in coming to this conclusion, the ALJ failed to consider the "total limiting effects" of Ms. Medina's non-severe impairments on her RFC. *See* 20 C.F.R. § 416.945(e). This was clear legal error, and it harmed Ms. Medina because if the effects of her non-severe impairments had been considered, her RFC might have been more limited than the full range of work found in this case. This is not to say that Ms. Medina deserves benefits. On remand, the Commissioner may come to the same ultimate conclusion that she is not disabled under the Social Security Act. However, without the correct analysis, this Court has no choice but to remand this case for further administrative proceedings.

**II)    BACKGROUND**

Ms. Medina filed an application with the Social Security Administration for supplemental security income benefits under Title XVI of the Social Security Act on April 21, 2014. *AR* at 187-192. As grounds, Ms. Medina alleged "Bipolar." *AR* at 230. Ms. Medina alleged that her condition became severe enough to keep her from working on June 1, 2011. *AR* at 230. The Administration denied Ms. Medina's claim initially and upon reconsideration, and she requested a *de novo* hearing before an administrative law judge ("ALJ"). *AR* at 92-137.

ALJ James Linehan held an evidentiary hearing on October 11, 2016. *AR* at 40-64. On November 3, 2016, the ALJ issued an unfavorable decision, finding that Ms. Medina has not been under a disability from the date her application was filed through the date of his decision. *AR* at

34. In response, Ms. Medina filed a "Request for Review of Hearing Decision/Order" on December 5, 2016. *AR* at 786. After reviewing her case, the Appeals Council denied Ms. Medina's request for review on September 25, 2017. *AR* at 1-6. As such, the ALJ's decision became the final decision of the Commissioner. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). This Court now has jurisdiction to review the decision pursuant to 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(a).

A claimant seeking disability benefits must establish that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). The Commissioner must use a five-step sequential evaluation process to determine eligibility for benefits. 20 C.F.R. § 416.920(a)(4).[2]

At Step One of the sequential evaluation process, the ALJ found that Ms. Medina has not engaged in substantial gainful activity since her application date. *AR* at 22. At Step Two, he determined that Ms. Medina has the severe impairments of "affective disorder, bipolar disorder, posttraumatic stress disorder, and anxiety disorder[.]" *AR* at 17. At Step Three, the ALJ concluded that Ms. Medina's impairments, individually and in combination, do not meet or medically equal

---

[2] The Tenth Circuit summarized these steps in *Allman v. Colvin*, 813 F.3d 1326, 1333 n.1 (10th Cir. 2016):
> At step one, the ALJ must determine whether a claimant presently is engaged in a substantially gainful activity. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). If not, the ALJ then decides whether the claimant has a medically severe impairment at step two. *Id.* If so, at step three, the ALJ determines whether the impairment is "equivalent to a condition 'listed in the appendix of the relevant disability regulation.'" *Id.* (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)). Absent a match in the listings, the ALJ must decide at step four whether the claimant's impairment prevents him from performing his past relevant work. *Id.* Even if so, the ALJ must determine at step five whether the claimant has the RFC to "perform other work in the national economy." *Id.*

the regulatory "listings." *AR* at 23-25. Ms. Medina does not challenge these findings on appeal. [*See* Doc. 17].

When a claimant does not meet a listed impairment, the ALJ must determine her residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). "RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96-8p, 1996 WL 374184, at *2. "RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." SSR 96-8p, 1996 WL 374184, at *1. In this case, the ALJ determined that Ms. Medina retains the RFC to:

> perform a full range of work at all exertional levels but with the following non-exertional limitations. She would be limited to work that is of specific vocational preparation (SVP) level 2 or less as defined in the Dictionary of Occupational Titles. The claimant cannot perform work requiring a specific production rate and is limited to performing jobs requiring no more than simple workplace judgment. The claimant can respond appropriately to routine workplace change. She can interact appropriately with supervisors and co-workers on an occasional basis and on a limited basis with the general public.

*AR* at 25-26.

The ALJ skipped Step Four, as he found that Ms. Medina has no past relevant work. *AR* at 32. Employing this RFC at Step Five, and relying on the testimony of a Vocational Expert, the ALJ determined that Ms. Medina can perform work that exists in the national economy, despite her limitations. *AR* at 32-33. Specifically, the ALJ determined that Ms. Medina retains the functional capacity to work as a Laundry Worker, Industrial Sweeper-Cleaner, or Housekeeping Cleaner. *AR* at 33. Accordingly, the ALJ determined that Ms. Medina is not disabled as defined in the Social Security Act and denied benefits. *AR* at 34.

## III) LEGAL STANDARDS

This Court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (quoting *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014)). A deficiency in either area is grounds for remand. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012). "[T]he agency's 'failure to apply the correct legal standards, or to show us that it has done so' is 'grounds for reversal.'" *Bryant v. Comm'r, SSA*, --- F. App'x, ----, 2018 WL 6133387, at *2 (10th Cir. Nov. 23, 2018) (unpublished) (quoting *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996)).

## IV) ANALYSIS

In addition to the issue of whether her non-severe impairments were included in her RFC, Ms. Medina raises a number of issues related to the ALJ's RFC finding. [*See generally* Doc. 17]. Because the Court agrees that the ALJ erred as a matter of law by failing to discuss Ms. Medina's non-severe impairments when formulating her RFC, it will not address her other claims of error, "because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see also Bryant*, 2018 WL 6133387, at *5 (citing *Watkins* for this proposition).

The Commissioner "will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity." 20 C.F.R. § 416.945(e). This is because symptoms from other impairments "may cause a limitation of function beyond that which can be determined on the basis of the anatomical, physiological or psychological abnormalities considered alone[.]" *Id.* In assessing the total limiting effects of a claimant's impairments, the Commissioner will consider all of the evidence, including the objective medical

evidence, the claimant's activities of daily living, precipitating and aggravating factors, and treatment received for an impairment (including medication). *Id.*; 20 C.F.R. § 416.929(c).

Ms. Medina argues that the ALJ in her case failed to include limitations from headaches and neck pain, which he found to be non-severe impairments, in formulating her RFC. [Doc. 17, p. 20]. The Commissioner posits that Ms. Medina's arguments are ill-founded, primarily because the ALJ assessed Ms. Medina's headaches and cervicalgia at Step Two. [*See* Doc. 18, p. 4]. To this end, the Commissioner argues that the Court should take the ALJ at his word when he stated that he "reviewed and considered all 'severe' and 'non-severe' impairments in formulating the following residual functional capacity and where appropriate, have included limitations to address the claimant's 'non-severe' impairments and subjective complaints." *AR* at 23; [Doc. 18, p. 5 (citing *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007))]. The Court is not convinced by the Commissioner's argument.

True, the Tenth Circuit in *Flaherty* stated that a reviewing court's "general practice, which we see no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." *Flaherty*, 515 F.3d at 1071. However, in *Flaherty* the court was convinced that "the ALJ's discussion of the evidence and his reasons for his conclusions demonstrate that he considered all of Ms. Flaherty's impairments." *Id.* This Court is not so convinced. *See Lauer v. Comm'r, SSA*, --- F. App'x ----, 2018 WL 5982950, at *3 (10th Cir. Nov. 14, 2018) (unpublished) (Remanding for further consideration of the claimant's migraines where the effects of her symptoms may not have been accounted for in the ALJ's RFC assessment.).

Steps Two and Five of the sequential evaluation process are distinct. *See* 20 C.F.R. § 416.920(a)(4). Here, the ALJ acknowledged Ms. Medina's migraines and neck pain explicitly at Step Two, where he determined that they were non-severe as a matter of law. *AR* at 22-23. The

ALJ then went on to make the statement quoted above, indicating that he intended to consider the effects of Ms. Medina's non-severe impairments when formulating her RFC. *AR* at 23. However, nowhere in his discussion of Ms. Medina's RFC does the ALJ actually mention her complaints of headaches and neck pain. *See AR* at 26-32. Thus, the ALJ did not actually "address the claimant's 'non-severe' impairments and subjective complaints" when formulating her RFC. *See id.* This is unfortunate, as the ALJ clearly addressed Ms. Medina's mental health diagnoses and their effects on her ability to work. *Id.* However, the ALJ appears to have forgotten to mention, evaluate or analyze Ms. Medina's non-severe impairments and subjective complaints. This is clear legal error, for the reasons described above. 20 C.F.R. § 416.945(e) ("[W]e will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity."); *see also Wells v. Colvin*, 727 F.3d 1061, 1069 (10th Cir. 2013).

Although neither party mentions it, the Court finds the Tenth Circuit's analysis in *Wells* to be dispositive. *See id.* There, the court made clear that "a conclusion that the claimant's mental impairments are non-severe at step two does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and five." *Id.* The court was faced with a case, similar to this one, where the ALJ clearly addressed the claimant's non-severe impairments at Step Two, but then failed to adequately analyze them when formulating her RFC. *Id.* However, unlike this case, the ALJ stated that the non-severe limitations found at Step Two did "not result in further limitations in the work-related functions in the RFC assessment below." *Id.* The court reasoned: "[t]he language used suggests that the ALJ may have relied on his step-two findings to conclude that Ms. Wells had no limitation based on her mental impairments. If so, this was inadequate under the regulations and the Commissioner's procedures." *Id.* The same is true here, as the ALJ apparently analyzed Ms. Medina's non-severe impairments at Step Two.

7

However, there is no evidence that the ALJ then proceeded to consider them when formulating her RFC, and the ALJ may not rely on his findings at Step Two when denying benefits at Step Five.

The Court further finds that the ALJ's legal error could have harmed Ms. Medina, necessitating remand for further analysis. This is not a case where there is scant evidence supporting Ms. Medina's claims of work-related functional limitations related to her non-severe migraines. On the contrary, Ms. Medina testified at the hearing before the ALJ that her headaches were "chronic," *AR* at 46, and that they occur daily, from the time she wakes up until the time she goes to bed, even sometimes disturbing her sleep. *AR* at 57. She testified that she is prescribed Topamax, which relieves her headaches for a short time but does not take them away. *Id.* She also endured physical therapy without relief. *AR* at 58. There is also medical record evidence suggesting that Ms. Medina's headaches may affect her activities of daily living and, consequently, work-related functioning. *See AR* at 455, 460, 464, 468, 495. Therefore, this case must be remanded for further administrative analysis to determine the effect, if any, that Ms. Medina's headaches, and other non-severe impairments, have on her RFC.

## V) CONCLUSION

To summarize, the ALJ committed clear legal error by failing to consider the combined effects of Ms. Medina's non-severe impairments when formulating her RFC and denying benefits at Step Five. Thus, the case must be remanded. This is not to say that the Commissioner may not reach the same result on remand; however, without the correct application of the law and analysis, this Court cannot confidently say that Ms. Medina's RFC should not include limitations from her non-severe impairments.

Wherefore, IT IS THEREFORE ORDERED that Plaintiff April N. Medina's Motion to Reverse and Remand for Rehearing [Doc. 17] is GRANTED and the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this decision.

_____
Jerry H. Ritter
U.S. Magistrate Judge
Presiding by Consent